IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


JOSEPH ANTHONY CRENSHAW,

       Appellant,

 v.                                 Case No.  5D21-1637
                                        LT Case No. 2018-CF-2054-A

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed April 29, 2022

Appeal from the Circuit Court
for Marion County,
Lisa D. Herndon, Judge.

Matthew J. Metz, Public Defender, and
Darnelle Paige Lawshe, Assistant Public
Defender, Daytona Beach, for Appellant.

Joseph Anthony Crenshaw, Bonifay, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Daniel P. Caldwell,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

We affirm this *Anders*[1] appeal in all respects. We note, however, the judgment on count two, possession of a firearm by a convicted felon, contains a scrivener's error imposing a ten-year minimum-mandatory sentence. This conflicts with the trial court's oral pronouncement of three years. *See* § 775.087(2)(a)1.q., Fla. Stat. (2021). Accordingly, we remand for correction of the scrivener's error on the judgment and sentence. *See, e.g.*, *Aviles v. State*, 151 So. 3d 555, 555 (Fla. 5th DCA 2014) (affirming *Anders* appeal but remanding for correction of scrivener's error). Because the correction of this scrivener's error is a ministerial act which has no impact on Appellant's incarceration term, he need not be present at resentencing. *See Johnson v. State*, 899 So. 2d 1283, 1283 (Fla. 5th DCA 2005).

AFFIRMED and REMANDED.

COHEN, TRAVER and NARDELLA, JJ., concur.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).